DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| ELROI E. BAUMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>VIRGIN ISLANDS WATER AND<br>POWER AUTHORITY,<br><br>    Defendant. | Civil Action No. 2013-002 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiff*

**Simone D. Francis, Esq.**
St. Thomas, U.S.V.I.
 *For the Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on Plaintiff Elroi Baumann's ("Plaintiff") "Motion Pursuant to Rule 56(d) in Response to Defendant's Motion for Summary Judgment" ("56(d) Motion"). (Dkt. No. 21). For the following reasons, the Court will grant in part and deny in part Plaintiff's 56(d) Motion, and will afford Plaintiff 45 days within which to conduct depositions and file the remainder of his Opposition to Defendant's Motion for Summary Judgment.

### I. BACKGROUND

The dispute in this case stems from Plaintiff's termination from his Personnel Manager position with the Virgin Islands Water and Power Authority ("WAPA"), and the attendant investigation and proceedings, both within WAPA and before the Public Employees Relations

Board ("PERB"). Plaintiff alleges that Defendant breached the contract governing his employment; breached the duty of good faith and fair dealing, and violated his due process rights. (Dkt. No. 1, Ex. 1 at 9-10).

Defendant removed the case to this Court (Dkt. No. 1), and—after the parties had exchanged initial disclosures and written discovery (Dkt. Nos. 3, 5, 10-13, 17, 25)—filed a Motion for Summary Judgment. (Dkt. No. 14).[1]  Plaintiff filed an Opposition to the Motion for Summary Judgment addressing only the breach of contract and due process allegations.  (Dkt. No. 22). Concurrently, Plaintiff filed the 56(d) Motion now before the Court, requesting additional time within which to conduct discovery before responding to the Motion for Summary Judgment on the breach of the duty of good faith and fair dealing claim. (Dkt. No. 21).   Defendant opposed the 56(d) Motion.[2]  The Court held a hearing on November 18, 2013 and subsequently ordered additional briefing on the specific discovery sought, which the parties have since submitted. (Dkt. Nos. 45-47).

Plaintiff requests a continuance within which to depose four witnesses—Rupert Pelle, Denise Nibbs, Nellon Bowry, and Hugo Hodge—prior to responding to Defendant's Motion for Summary Judgment on the breach of the duty of good faith and fair dealing claim. (Dkt. No. 46, Ex. 1).  The Court will afford Plaintiff time to depose the witnesses prior to responding, as set forth below.

---

[1] In conjunction with its Motion for Summary Judgment, Defendant also filed a Memorandum and Statement of Undisputed Facts, attaching approximately 200 pages of sworn testimony from the PERB hearings.  (Dkt. Nos. 15, 16).

[2] Defendant also filed a "Motion for Enlargement of Time to File a Reply Brief in Support of Motion for Summary Judgment" in anticipation of the Court's ruling on the 56(d) Motion.  (Dkt. No. 26).   This Court previously granted Defendant's motion. (Dkt. No. 28). The deadlines imposed in this Order together with this Court's Local Rules will now govern the timing of Defendant's responsive filing.

## II.  DISCUSSION

### A.  Applicable Law

Rule 56(d) of the Federal Rules of Civil Procedure, previously codified as Rule 56(f), gives a trial court the discretion to deny or defer consideration of a motion for summary judgment, or to order a continuance and additional time for discovery, where a "nonmovant shows, by affidavit or declaration that, for specified reasons, it cannot present *facts essential to justify its opposition*" to summary judgment. Fed. R. Civ. P. 56 (emphasis added).   The filing must detail with specificity "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  *Pennsylvania, Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988)); *see also New Cmty. Corp v. Arthur J. Gallagher Risk Mgmt. Servs., Inc.*,   2011 WL 4020941 (D.N.J. Sept. 9, 2011).   Generalized statements are insufficient to obtain a continuance; rather, the affidavit must indicate the material facts the nonmovant hopes to uncover with more discovery.  *See Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002); *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989).

In addition to specificity, the party seeking the continuance must "set 'forth specific reasons why the moving party's affidavits in support of a motion for summary judgment cannot be responded to, and [assert that] the facts are in possession of the moving party.' The reasons given for the inability to respond to the moving party's motion for summary judgment 'must be genuine and convincing to the court rather than merely colorable.'" *Shahin v. DE Solid Waste Auth.*, 503 F. App'x 113, 116 (3d Cir. 2012) (quoting *Mid-S. Grizzlies v. Nat'l Football League*, 720 F.2d 772, 779 (3d Cir. 1983)); *see also Ward v. United States*, 471 F.2d 667, 670 (3d Cir. 1973) (nonmovant entitled to a continuance for further discovery in aircraft-related negligence action where movant

had sole possession of documents detailing actual aircraft operational procedures).

In order to prevail on a breach of the duty of good faith and fair dealing claim in the Virgin Islands, a plaintiff must present "proof of acts amounting to fraud or deceit on the part of the employer." *Chapman v. Cornwall,* 58 V.I. 431, 441–42 (V.I. 2013) (internal citations omitted). In addition to the fraud, deceit, or misrepresentation Plaintiff must show, he also must show he detrimentally relied on the fraudulent, deceitful, or misrepresentative act(s) he alleges Defendant committed. *See Stapleton v. WenVI, Inc.,* 2014 WL 3765855, *3 (D.V.I. July 30, 2014) (collecting cases). Thus, facts supporting these requisite showings are essential to Plaintiff's response to Defendant's Motion for Summary Judgment on the breach of the duty of good faith and fair dealing claim. *See Sebelius*, 674 F.3d at 157; *Stapleton,* 2014 WL 3765855 at *3.

Having set forth the law applicable to Plaintiff's Motion, the Court addresses the discovery Plaintiff requests and determines that he has made the requisite showing to obtain a continuance. He will accordingly be afforded time to take the four fact witness depositions prior to completing his response to Defendant's Motion for Summary Judgment.

### B. Analysis

As a preliminary matter, the Court inquires as to what discovery is essential to Plaintiff's opposition to summary judgment, as required by Fed. R. Civ. P. 56. Here, Plaintiff alleges that Defendant's failure to follow its own policies and standards in investigating a sexual harassment complaint, as well as bias against Plaintiff by the WAPA employees involved in his termination, constitutes the fraud, deceit, or misrepresentation upon which his breach of the duty of good faith and fair dealing claim is based. (Dkt. No. 31 at 4). The Court thus finds that facts supporting the policies/standards and bias allegations are essential to Plaintiff's response to Defendant's Motion for Summary Judgment.

After determining that facts regarding his fraud, deceit or misrepresentation allegations are essential to opposing summary judgment, the Court next determines whether Plaintiff has made the requisite showing to obtain a continuance. To do so, Plaintiff must show the specific information he seeks; how, if uncovered, it would preclude summary judgment; and why he has not already obtained it in the factual discovery process. *See Sebelius*, 674 F.3d at 157; *Dowling*, 855 F.2d at 140.

With regard to the specific information sought, in his "Memorandum Pursuant to the Court's Order at Rule 56(d) Hearing of November 18, 2013," (Dkt. No. 46, Ex. 1), Plaintiff sets forth the deponents and areas of questioning he seeks to conduct. Specifically, he requests to depose: 1) Rupert Pelle regarding the notes and substance of his investigation of Plaintiff; his experience conducting investigations; the questions asked and WAPA employees contacted for his investigation; his findings of fact, if any; potential bias against Plaintiff; and any discussions he had about the investigation during its pendency; 2) Denise Nibbs regarding the basis for her termination recommendation; any biases against Plaintiff; and any findings of fact she made; 3) Nellon Bowry regarding his understanding of WAPA's grievance process; any findings of fact he made; discrepancies in his report recommending termination; his communication with Pelle, Nibbs, and Hugo Hodge; and any biases he held against Plaintiff; and 4) Hugo Hodge regarding the standards he used in evaluating whether to terminate Plaintiff; any communications regarding the termination; and any biases Hodge held against Plaintiff.  (Dkt. No. 46, Ex. 1).   Having set forth with specificity the four particular depositions he seeks to conduct, as well as the specific areas in which he seeks to question the deponents, the Court finds that Plaintiff has met the first required element.

Plaintiff asserts that the information sought, if uncovered, would preclude summary

5

judgment because evidence of misrepresentation regarding the application of WAPA policies and procedures or bias against Plaintiff could establish, at a minimum, a genuine issue of material fact as to the breach of the duty of good faith and fair dealing claim. The Court finds that Plaintiff has met the second required element because the questioning he seeks to conduct is aimed at uncovering facts relevant to his claim, and which—if uncovered—could preclude the summary judgment Defendant seeks.[3]

Finally, Plaintiff must explain in his filing why he has not yet obtained the information sought. Here, Defendant's Motion for Summary Judgment was filed on July 31, 2013. (Dkt. Nos. 14). By this Court's Order, factual discovery was set to conclude on January 10, 2014. (Dkt. No. 8). Plaintiff asserts that the deposition testimony Plaintiff now seeks in his 56(d) Motion was not obtained because factual discovery had not yet concluded at the time Plaintiff's original response to Defendant's Motion was due. (Dkt. No. 21). Defendant, in its "Response to Plaintiff's Memorandum Pursuant to the Court's Order at Rule 56(d) Hearing of November 18, 2013," asserts that the discovery Plaintiff seeks is duplicative of information obtained during the extensive administrative hearings already conducted in this case. (Dkt. No. 47, Ex. 1).

The Court's review of the transcripts from the PERB hearings revealed testimony covering Mr. Pelle's background in investigations. (Dkt. No. 16, Ex. 1). However, the other topics Plaintiff now seeks in discovery are fair topics for inquiry in the context of the current proceeding. (Dkt No. 16; Dkt. No. 46, Ex 1). The PERB administrative process addressed Plaintiff's claim that he had been unfairly terminated in violation of his due process rights. (Dkt. No. 21, Ex. 3).

---

[3] In so finding the Court does not reach the merits of the claim or determine whether Plaintiff's claim is viable. To obtain a continuance Plaintiff must specify the facts he *seeks* to uncover, and show the discovery sought is aimed at uncovering those facts. *See Sebelius*, 674 F.3d at 157. Whether he will ultimately uncover what he seeks, or prevail on his claim, is of no moment.

Plaintiff's breach of the duty of good faith and fair dealing claim was not before the PERB. Thus, Plaintiff filed the instant suit alleging a claim that was not previously adjudicated, and the record reveals no PERB testimony directly addressing the new claim.[4]

Because his opposition to the Motion for Summary Judgment was due less than two months into the factual discovery period, and because the PERB hearings did not directly address the basis for Plaintiff's breach of the duty of good faith and fair dealing claim, the Court finds that Plaintiff has sufficiently shown that he could not previously obtain the information prior to responding to summary judgment. Plaintiff has thus met the third requirement necessary to be afforded a continuance.

The Court thus finds that Plaintiff has made the showing required of him, and—with the one exception noted—will afford him the opportunity to engage in discovery for purposes of addressing his breach of the duty of good faith and fair dealing claim. The discovery permitted will be limited to the specific areas identified in Plaintiff's Motion.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff will be afforded time to conduct four depositions, and he will be afforded additional time within which to supplement his opposition to Defendant's Motion for Summary Judgment. An appropriate Order accompanies this Opinion.

Date: September 12, 2014         _____/s/_____
                                 WILMA A. LEWIS
                                 Chief Judge

---

[4] Defendant highlights numerous excerpts from the PERB testimony, also cited in its Motion for Summary Judgment and Statement of Undisputed Facts, in asserting that the evidence Plaintiff seeks is duplicative. (Dkt. No. 16; Dkt. No. 47, Ex. 1). The excerpted portions—while similar to the inquiries Plaintiff currently seeks to make—are not the same. (Dkt. No. 47, Ex 1). Even where the existing record is extensive, a plaintiff may still obtain additional discovery if the discovery sought is specific and set forth in plaintiff's filings with particularity. *See Costlow v. U.S.*, 552 F.2d 560, 564 (3d Cir. 1977) (continuance should be granted "as a matter of course" when standard is met).