NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

ELROI E. BAUMANN,

    Plaintiff,

v.

VIRGIN ISLANDS WATER AND
POWER AUTHORITY,

    Defendant.

Civ. No. 13-02

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter is before the Court upon a Motion for Summary Judgment from Defendant Virgin Islands Water and Power Authority ("Defendant"). (ECF No. 14). Plaintiff Elroi E. Baumann ("Plaintiff") opposes this Motion. (ECF Nos. 22, 75). Two other motions are also before the Court: Defendant's Motion to Strike Plaintiff's supplemental opposition papers, and Defendant's Motion for an Extension of Time to Reply to Plaintiff's supplemental opposition papers. (ECF Nos. 78, 81). Plaintiff opposes only the Motion to Strike. (ECF No. 79). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

## BACKGROUND

This case centers on Plaintiff's allegedly wrongful termination following a sexual harassment complaint. On June 26, 2009, Defendant received a written complaint from R.T., a female summer intern. R.T. alleged that Plaintiff "would stare at me in a sexual way," that he offered to buy her minutes for her cell phone, offered to give her a ride home one day, kissed her hand, and kissed her cheek, among other allegations. (ECF No. 16-8). At this time, Plaintiff was employed by Defendant as a Personnel Manager. Shortly after Defendant received R.T.'s complaint, Defendant appointed Rupert Pelle to conduct an investigation. Pelle interviewed Plaintiff, R.T., and several other employees. Following Pelle's investigation, Defendant informed Plaintiff that a "first step hearing" would be held so that Plaintiff could explain why disciplinary action should not be taken against him for violating Defendant's sexual harassment policy.

The "first step hearing" was held on February 3, 2010. It was conducted by Denise Nibbs, Defendant's Personnel Director, who was Plaintiff's immediate supervisor. Next, a "second step hearing" was held by Defendant's Assistant Executive Director. Following the "second step hearing," Defendant terminated Plaintiff in a letter dated August 11, 2010. (ECF No. 16-22). Plaintiff then followed Defendant's three-step grievance procedure, but the Executive Director chose to uphold Plaintiff's termination. Plaintiff filed an appeal with Defendant's Governing Board, but the Board declined to set aside the Executive Director's decision. Plaintiff also appealed his termination to the Public Employee Relations Board ("PERB") but the Board dismissed his appeal for lack of jurisdiction.

On December 4, 2012, Plaintiff filed a complaint in the Superior Court of the Virgin Islands. His complaint alleged breach of contract claims, breach of Defendant's duty of good faith and fair dealing, and violation of Plaintiff's due process rights. (ECF No. 22-1). Defendant removed the case to this Court on January 3, 2013. (ECF No. 1). Defendant then moved for summary judgment on all counts on July 31, 2013. (ECF No. 14). Plaintiff opposed this motion, (ECF No. 22), and received permission from the Court to file supplemental opposition papers at a later date (ECF No. 73). Defendant moved to strike Plaintiff's supplemental opposition papers for being untimely and over-length. (ECF No. 78). Defendant also moved for an extension of time to reply to Plaintiff's supplemental opposition papers. (ECF No. 81). These three motions are presently before the Court.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52

(1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

## DISCUSSION

At the outset, the Court will deny Defendant's motion to strike Plaintiff's supplemental opposition, and grant Defendant's motion for an extension of time to reply. Plaintiff's supplemental opposition and Defendant's reply were both late, but the Court determined that both submissions aid the Court in deciding Defendant's motion for summary judgment.

### A. Plaintiff's Breach of Contract Claims

Plaintiff's first and second counts both allege breach of contract. Plaintiff's first count refers to an "implied employment contract," while the second count states that "Defendant breached its employment contract with Plaintiff and violated the policies and procedures guaranteed to the Plaintiff." (ECF No. 22-1 at 8). Plaintiff does not allege that there was a written employment contract signed by the parties. Rather, both breach of contract claims appear to rely on the theory that Defendant's employee manual should be construed as a contract between the parties.

The Third Circuit recently held that Defendant's employee manual does not create a contract between Defendant and its employees. *Greene v. Virgin Islands Water & Power Auth.,* 557 F. App'x 189, 201 (3d Cir. 2014). The Court reasoned that since Defendant explicitly disclaims any intention to be bound by its manual, informing the

4

reader on the first page that Defendant may unilaterally change its policies at any time, the manual cannot create a contract between Defendant and its employees. *Id.* This decision accords with a previous Virgin Islands District Court case, which came to the same conclusion about Defendant's employee manual, for the same reasons. *Smith v. Virgin Islands Water & Power Auth.*, No. CIV 04-148, 2008 WL 5071685, at *8 (D.V.I. Nov. 24, 2008). Therefore, Plaintiff's argument that the manual creates a contract between the parties fails.

Plaintiff makes one additional argument that every employment relationship is contractual, and therefore his breach of contract claim can survive, but this argument is not based on relevant case law. In the Virgin Islands, a plaintiff must prove the existence of a contract in order to pursue a breach of contract claim against his employer. *See Chapman v. Cornwall*, No. 12-0032, 2013 WL 2145092, at *2 (V.I. May 15, 2013). This is in sharp contrast to the primary case Plaintiff cites, where the Tenth Circuit observed that under Wyoming law, a contract was presumed to exist in every employment situation. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 683 (10th Cir. 2007). Besides the employment manual, Plaintiff does not point to any evidence that shows a contract existed between the parties. Therefore, Plaintiff's breach of contract claims must be dismissed.

### B. Plaintiff's Due Process Claim

Plaintiff and Defendant raise many arguments related to Plaintiff's due process claim under 42 U.S.C. § 1983. Both parties agree, however, that in this case, the statute of limitations for a Section 1983 claim is two years. It is undisputed that Plaintiff was terminated by Defendant on August 11, 2010. Plaintiff filed his complaint in state court

on December 4, 2012. Defendant argues that Plaintiff's Section 1983 claim is barred because he filed it more than two years after he was fired. Plaintiff argues that his claim is timely because the statute of limitations did not begin to run until August 9, 2011, when his last appeal of his termination was dismissed.

In a Section 1983 case, the statute of limitations begins to run as soon as the plaintiff is able to file a suit for relief. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Plaintiffs do not need to exhaust their administrative remedies before filing a Section 1983 suit. *U.S. ex rel. Ricketts v. Lightcap*, 567 F.2d 1226, 1229 (3d Cir. 1977); *Donovan v. Pittston Area Sch. Dist.*, No. 14-1657, 2015 WL 3771420, at *8 (M.D. Pa. June 17, 2015). Plaintiff cites cases *Gniotek v. City of Philadelphia* and *Abbott Laboratories v. Gardner* to argue that there must be a final administrative decision before a plaintiff may file his Section 1983 suit.

In *Gniotek*, the plaintiffs had been fired, but the Philadelphia Board of Pensions and Retirement had not yet decided whether or not to bar the plaintiffs from receiving their pensions. *Gniotek v. City of Philadelphia*, 630 F. Supp. 827, 831 (E.D. Pa.) *aff'd*, 808 F.2d 241 (3d Cir. 1986). The plaintiffs' claim that they were denied their pensions without due process was therefore not ripe for adjudication. *Id. Gniotek* is inapposite to Plaintiff's case, where Defendant did make a decision about Plaintiff's employment, and informed Plaintiff in writing that he was terminated. The other case Plaintiff cites, *Abbott Laboratories*, is an administrative law case that discussed ripeness more generally. The Supreme Court stated that courts should not "entangl[e] themselves in abstract disagreements over administrative policies." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977). There is nothing abstract

6

about Plaintiff's situation. Plaintiff was terminated on August 11, 2010, which he acknowledged himself when he applied for unemployment benefits in 2010. (ECF No. 16-32).

Plaintiff's due process claim accrued as of August 10, 2011, and is therefore time-barred. The Court need not reach the parties' other arguments as to the Section 1983 claim, except to note that Plaintiff received multiple opportunities to be heard both before and after he was terminated.

### C. Plaintiff's Good Faith and Fair Dealing Claim

In the employment context, a plaintiff may bring a claim for a breach of the implied covenant of good faith and fair dealing if the plaintiff offers proof that the employer: "(1) 'act[ed] unreasonably in contravention of [his] expectations'; and (2) took 'act[ions] amounting to fraud or deceit.'" *Greene*, 557 F. App'x at 201 (quoting *Chapman*, 2013 WL 2145092, at *2). To demonstrate fraud or deceit, a plaintiff must show: "(1) a knowing misrepresentation of a material fact, (2) intent by the defendant that the plaintiff would rely on the false statement, (3) actual reliance, and (4) detriment as a result of that reliance." *Stapleton v. WenVI, Inc.*, No. 2012-035, 2014 WL 3765855, at *3 (D.V.I. July 30, 2014).

Plaintiff states that the above standard from *Stapleton* is simply "incorrect," and invites this Court to certify a question to the Virgin Islands Supreme Court on the requirements for a good faith and fair dealing claim. This Court declines to do so. Plaintiff argues for reinterpreting Virgin Islands case law to require only a violation of an employee's reasonable expectations for a good faith and fair dealing claim. However, the Third Circuit has stated that such a violation is only half of what is required, along with

7

actions amounting to fraud or deceit. *See Greene*, 557 F. App'x at 201. While Plaintiff alleges many inadequacies and misrepresentations in Defendant's investigation and hearing processes, Plaintiff does not allege any detrimental reliance.

Without any allegations of detrimental reliance, Plaintiff cannot show any fraud or deceit, and his good faith and fair dealing claim must fail.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted. Defendant's Motion for an Extension of Time to Reply is granted, and Defendant's Motion to Strike is denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.