NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| ELROI E. BAUMANN, | |
| Plaintiff, | |
| v. | Civ. No. 13-02 |
| VIRGIN ISLANDS WATER AND POWER AUTHORITY, | OPINION |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

### INTRODUCTION

This matter is before the Court upon a Motion for Attorneys' Fees from Defendant Virgin Islands Water and Power Authority ("Defendant"). (ECF No. 90). Plaintiff Elroi E. Baumann ("Plaintiff") opposes this Motion. (ECF No. 95). The Court has decided the Motion based on oral argument and the written submissions of the parties. For the reasons stated below, Defendant's Motion will be granted on a modified basis.

### BACKGROUND

This case centered on Plaintiff's allegedly wrongful termination after a sexual harassment complaint was filed against him. On December 4, 2012, Plaintiff filed a complaint in the Superior Court of the Virgin Islands against Defendant. His complaint alleged breach of contract claims, breach of Defendant's duty of good faith and fair

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

dealing, and violation of Plaintiff's due process rights. (ECF No. 22-1). Defendant removed the case to this Court on January 3, 2013. (ECF No. 1). Defendant then moved for summary judgment on all counts. (ECF No. 14). On February 2, 2016, this Court granted Defendant's Motion for Summary Judgment. (ECF No. 87). Shortly thereafter, Defendant submitted a Motion for Attorneys' Fees. (ECF No. 90). This Motion is presently before the Court.

## LEGAL STANDARD

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorneys' fees in the U.S. Virgin Islands. The statute provides that "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." V.I. Code Ann. tit. 5, § 541(b). The decision to award attorneys' fees is entirely discretionary. *Home Depot, U.S.A. v. Bohlke Int'l Airways*, No. 1998-102, 2001 WL 569134, at *1 (D.V.I. Apr. 30, 2001).

"To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, No. 05-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorneys' fees. First, the Court determines whether the hours billed were "reasonably expended." *Berne Corp. v. Gov't of Virgin Islands*, No. 00-141, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (citation omitted). Second, the Court determines whether the hourly rate sought is reasonable in comparison to the prevailing

market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking attorneys' fees bears the burden of proving that their request is reasonable. *Id.* at 1183.

## DISCUSSION

Defendant seeks $56,149.33 in attorneys' fees. The vast majority of the services were provided by Simone Francis, a shareholder in Ogletree Deakins, whose rate in this case was $375/hour.[2] A small number of hours were contributed by a senior associate at a rate of $280/hour, and by an experienced paralegal at $165/hour. Defendant represents that $56,149.33 is the total only for defending Plaintiff's claims under territorial law. Defendant does not seek attorneys' fees for defending against Plaintiff's federal due process claim, which amounted to an additional $28,075.17. Plaintiff argues that Defendant is not entitled to attorneys' fees for any of the claims, because Plaintiff's suit is properly construed as a personal injury case. The fee-shifting statute excludes personal injury cases unless the complaint or defense was frivolous. V.I. Code Ann. tit. 5, § 541(b). The Court finds that Plaintiff's complaint about the termination of his employment was not a personal injury case; therefore the statute's exception does not apply to Plaintiff.

To determine a fair and reasonable award for attorneys' fees, the Court first must examine whether Defendant's billed hours were "reasonably expended." *Berne Corp.*,

---

[2] Defendant's Supplemental Declaration in Support of Motion for Attorneys' Fees (ECF No. 99-1) indicates that Simone Francis billed 0.1 hour at a rate of $430/hour. Since this amount is negligible compared to the total number of hours at issue in this case, the Court will disregard the 0.1 hour and its higher billing rate.

3

2012 WL 369535, at *10. This litigation was active for more than two years. Over the course of the litigation, shareholder Simone Francis billed 136.7 hours, a senior associate billed 12.2 hours, and an experienced paralegal billed 8.7 hours for work on Plaintiff's claims based on territorial law.[3] Plaintiff challenges the number of billed hours as excessive given that the parties were engaged in administrative hearings prior to litigation. Plaintiff does not challenge any specific time entries in Defendant's submitted billing records. Defendant's records reflect that Defendant was very thorough in its preparations for litigation, however, no entry reflects duplicative or unnecessary work. Defendant's billing records are detailed, and reflect a reasonable amount of time spent on each task. Therefore, the Court finds that Defendant's billed hours were reasonably expended.

Second, the Court examines whether Defendant's rates were reasonable compared to "lawyers of reasonably comparable skill, experience, and reputation" in the community. *Rode*, 892 F.2d at 1183. Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Defendant highlights a 2004 case where this Court found the following rates to be reasonable: $95/hour for a paralegal, $300/hour for a senior partner, and $403.75/hour for a senior partner who was not located in the Virgin Islands. *Equivest St. Thomas, Inc. v. Gov't of Virgin Islands*, No. 01-155, 2004 WL 3037953, at *8 (D.V.I.

---

[3] Defendant did not bill time spent on Plaintiff's different claims separately in its time-keeping system. However, since Plaintiff brought two claims based on territorial law, and one claim based on federal law, Defendant represents that two-thirds of their total number of hours billed is a fair reflection of the number of hours expended on the territorial law claims. The Court endorses the logic of this approach.

4

Dec. 31, 2004). The Court found these rates to be above average for the Virgin Islands, but justified due to the "unusual complexity" of the litigation. *Id.* While the present case involved many documents and a variety of legal arguments, it was not unusually complex. The Court finds that $300/hour, at the top of the documented range for attorneys in the Virgin Islands, is a reasonable rate for Ms. Simone as a shareholder in Ogletree Deakins. The Court additionally finds that $250/hour is a reasonable rate for a senior associate, *M & T Bank v. Soto*, No. 13-0078, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (finding the same), and that $100/hour is a reasonable rate for an experienced paralegal, based on the range of rates for paralegal hours previously awarded in this district, *M & N Aviation, Inc. v. United Parcel Serv., Inc.*, No. 2010-083, 2014 WL 1178200, at *10 (D.V.I. Mar. 21, 2014) (awarding paralegal fees at a rate of $55/hour); *Int'l Leasing & Rental Corp. v. Gann*, No. 08-40, 2010 WL 1284464, at *2 n.3 (D.V.I. Mar. 23, 2010) (awarding paralegal fees at a rate of $125/hour); *Carty v. DeJongh*, No. 94-78, 2008 WL 4861519, at *1 (D.V.I. Nov. 10, 2008) (awarding paralegal fees at $90/hour).

Defendant's reasonable number of hours multiplied by the above reasonable hourly rate for each attorney and paralegal results in a total of $44,930.[4] This amount, called the "lodestar," can be adjusted by analyzing additional relevant factors not already included in the lodestar calculation. *Pollara v. Ocean View Inv. Holding LLC*, No. 09-60, 2015 WL 4735205, at *4 (D.V.I. May 21, 2015). Plaintiff notes that this Court has

---

[4] The calculation for each individual is:
Shareholder: 136.7 hours x $300/hour = $41,010
Senior Associate: 12.2 hours x $250/hour = $3,050
Experienced Paralegal: 8.7 hours x $100/hour = $870

5

stated that awards under Section 541(b) are often "only a minor fraction of what an attorney may reasonably have charged a client for the services involved in the litigation." *Damidaux v. Hess Oil Virgin Islands Corp.*, No. 55-1978, 1981 WL 705553, at *1 (D.V.I. Apr. 6, 1981) (quoting *Smith v. Gov't of the Virgin Islands*, 361 F.2d 469, 471 (3d Cir. 1969)). Moreover, a party's ability to pay for the opposing party's attorneys' fees is a relevant factor when deciding a fee award. *Smith v. Virgin Islands Port Auth.*, No. 02-227, 2013 WL 152178, at *4 (D.V.I. Jan. 11, 2013), *aff'd*, 568 F. App'x 169 (3d Cir. 2014). Plaintiff represents that he is unemployed, barely getting by on his pension and social security benefits, and that he is unable to pay any fees or costs in this matter. Taking Plaintiff's lack of financial resources into account, the Court will significantly reduce the award of attorneys' fees to $12,000.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorneys' Fees will be granted on a modified basis. An appropriate order will follow.

*Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.